**Joseph MULHERIN, Petitioner**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 4, 2007.

Decided Oct. 17, 2007.

David J. Gnall, Scranton, for petitioner.

Lisa B. Dees, Asst. Counsel and Allen Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Joseph Mulherin (Petitioner)[1] petitions for review of the April 6, 2006, order of the Department of Public Welfare (Department), which affirmed the Lackawanna County Assistance Office's (CAO) calculation of Petitioner's eligibility for Medical Assistance for Nursing Facility Services (MA benefits). We reverse and remand.

In 2001, Petitioner applied to the CAO for MA benefits. After reviewing Petitioner's finances, the CAO found that, prior to applying for MA benefits, Petitioner had transferred some of his assets to his nephew, Joseph McGrail, without receiving fair consideration.[2] Based on this finding, the CAO held that Petitioner was ineligible for MA benefits from October 2000 through November 2002.[3] Petitioner appealed the CAO's determination to the Department's Bureau of Hearings and Appeals (BHA), which affirmed, and Petitioner then appealed to the Department.

By order dated September 7, 2004, (Final Order), the Department upheld the CAO's determination in part and reversed the determination in part. In upholding part of the CAO's determination, the Department agreed that because *some* of Petitioner's transfers to McGrail were made without fair consideration, Petitioner was ineligible for MA benefits in connection with those transfers. However, the Department held that Petitioner received fair consideration with respect to transfers Petitioner made pursuant to a January 9, 1987, promissory note (Note) that Petitioner executed in favor of McGrail and set aside the part of the CAO's determination denying Petitioner benefits based on the Note. The Department held that the funds necessary for Petitioner to repay the principal and accrued interest under the terms of the Note were unavailable to pay for Petitioner's nursing facility care. Accordingly, the Department remanded the matter to the CAO to recalculate Petitioner's period of ineligibility excluding those

---

1. Petitioner died on October 20, 2002, and his estate petitions the court for review on his behalf.

2. Fair consideration is compensation in cash or in kind which is approximately equal to the fair market value (FMV) of the transferred property. 55 Pa.Code § 178.2.

3. The Department may examine any transfer of assets made by an applicant for MA benefits within thirty-six months from the date on which the applicant first is institutionalized and has applied for MA benefits (look-back period or date). 55 Pa.Code § 178.104(c). An individual who transfers assets for less than FMV will be ineligible for MA benefits for a number of months equal to the total cumulative uncompensated value (UV), *see* 55 Pa.Code § 178.2, of all assets transferred by the individual on or after the look-back date divided by the average monthly cost to a private patient for nursing facility care in effect in the Commonwealth at the time of the application. 55 Pa.Code § 178.104(d). The Department may presume, even before a hearing is held, that a transaction made for less than FMV during the look-back period was made for the purpose of disposing of assets in order to qualify for MA benefits. *Ptashkin ex rel. Fliegelman v. Department of Public Welfare*, 731 A.2d 238 (Pa.Cmwlth. 1999). The burden is then on the applicant to rebut that presumption. *Id.*

amounts. Based on the Department's Final Order, the CAO reduced Petitioner's period of ineligibility and authorized MA benefits from October 1, 2001, through October 20, 2002, the date of Petitioner's death.

Petitioner appealed the CAO's recalculation of his MA benefits to the BHA, arguing that his total resources should have been reduced by an additional $23,850 to account for the outstanding attorney's fees he incurred in obtaining the additional MA benefits to which he was entitled. Petitioner argued that, because he now had to pay these attorney's fees, his available resources were less than when he initially applied for MA benefits, and the CAO should have considered this in recalculating his period of ineligibility. Petitioner requested a hearing, which was held before an administrative law judge (ALJ) on August 23, 2005.

Testifying on behalf of the CAO, Income Maintenance Caseworker Karen Mazaleski stated that the CAO simply had followed the Final Order in reducing Petitioner's total resources only by the amount necessary to pay the Note. Mazaleski noted that there is no specific authorization for the payment of an applicant's attorney's fees in the Department's regulations; however, she also acknowledged that the CAO does consider legal expenses, such as attorney's fees, as deductions from an applicant's income or assets when calculating MA eligibility if there is fair consideration for the fees. Mazaleski explained that most applicants' attorneys' fees are a few thousand dollars and that the CAO does not have any problem in deducting those fees, but she stated that, in Petitioner's case, she considered the attorney's fees

"exorbitant." (N.T. at 21.) However, Mazaleski agreed that the CAO does not have a set cutoff amount or magic number to determine when it will no longer consider attorney's fees in its MA calculation. Finally, Mazaleski expressed concern over the fact that Petitioner's resource reduction request occurred "after the fact." (*See* N.T. at 20–23.)

Petitioner's attorney, David J. Gnall, appeared as a witness and was questioned by the ALJ. Gnall repeated Petitioner's position that his legal fees, which the parties stipulated to be $23,850, should have been deducted from the resources Petitioner had available to pay for nursing home costs. (*See* N.T. at 16, 23.) In support of his fee's reasonableness, Gnall described the complexity of his work with regard to the ongoing litigation over Petitioner's MA eligibility.

Finding, *inter alia*, that the Final Order contained no explicit direction to the CAO to exclude Petitioner's legal fees from his available resources, the ALJ held that the CAO correctly calculated Petitioner's MA eligibility. (ALJ's Findings of Fact, Nos. 18–19.) Thus, the ALJ denied Petitioner's appeal, and, by order dated April 6, 2006, the Department affirmed.

On appeal,[4] Petitioner argues that the CAO's failure to deduct the legal fees Petitioner incurred in securing his MA benefits from his available resources was arbitrary and was not supported by the law or the facts. In response, the Department maintains that, pursuant to the Department's regulations, legal fees paid to secure MA benefits can be deducted from an applicant's available resources *only* when those fees are actually paid. Thus, according to the Department, Petitioner was not enti-

---

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

tled to a deduction from his available resources for Gnall's legal fees because they have not yet been paid.

After reviewing the Department's regulations and the record, we agree with Petitioner that his outstanding legal fees constitute a legitimate debt that should have been considered in calculating Petitioner's available resources, and the CAO erred in recalculating Petitioner's MA eligibility without considering those fees.

Under the Department's regulations, an applicant is resource eligible for MA benefits if the applicant's total resources do not exceed the MA resource limits for the appropriate MA Program.[5] 55 Pa.Code § 178.1(a). An applicant's total resources include *only* those resources that are *available* to pay for necessary costs. 55 Pa.Code § 178.1(f). If a resource no longer is available to the applicant, such as when it is disposed of for fair consideration, it will not be applied against the MA resource limit. 55 Pa.Code § 178.4(a) (stating that only resources which are available to the applicant will be applied against the MA resource limit).

The Department's definition of "disposition of property" expressly allows an applicant to reduce his interest in his property, i.e., his resources, *by placing an encumbrance on that property* if done for fair consideration.[6] 55 Pa.Code § 178.2. An "encumbrance" is a "claim or *liability* that is attached to property or some other right and that *may lessen its value*, such as a lien or mortgage." Black's Law Dictionary 568 (8th ed.2004) (emphasis added). Moreover, "liability" is defined as the "quality or state of being *legally obligated* or accountable ..." and includes "[a] *financial* or pecuniary *obligation; DEBT* ...." Id. at 932 (emphasis added). Thus, when an applicant's resources are diminished because the applicant is legally obligated to pay a debt, the applicant can no longer make those resources fully available. In other words, the amount of the debt should not be counted toward the applicant's available resources for purposes of calculating MA benefits.[7]

Here, in an effort to secure MA benefits to which he was entitled, Petitioner was forced to secure his attorney's services for over five years, incurring a debt that, as yet, has not been paid. Just as Petitioner owes the principal and interest on the Note, Petitioner also is legally obligated to pay the debt owed to Gnall, thereby reducing the value of his available resources by that amount.[8] Therefore, we conclude that

---

5. The Department's regulations define "resource" as "[r]eal or *personal* property which a person *has or can make available* for partial or total support, including equitable interests and partial interests. This term does not include credit." 55 Pa.Code § 178.2 (emphasis added). Personal property is defined as privately owned possessions, which are not real property, such as *cash*, bank accounts, stocks, bonds, and mortgages. *Id.*

6. The regulation's definition does not distinguish between real and personal property.

7. This would not necessarily be true for every debt incurred by MA applicants. We note that the Department's regulations provide that an applicant shall take reasonable steps to make resources available to which he is, or

may be, entitled *unless he can show good cause for not doing so.* 55 Pa.Code § 178.1(g). In contrast to a situation where an applicant incurs debts by going on a spending spree, debts incurred because of a need to retain legal counsel to pursue appeals of an improper calculation of MA benefits clearly qualifies as good cause for not making these resources available for nursing facility care. Obviously, the Department agrees because it concedes that in calculating benefits it regularly deducts legal fees expended by an applicant in pursing those benefits.

8. Indeed, the Secretary's Final Order implicitly supports this conclusion by ordering the CAO to exclude the amounts necessary to repay the principal and all accrued interest under the terms of the Note, a debt incurred

the amount necessary to pay Petitioner's attorney's fees should have been excluded from Petitioner's available resources if disposed of for fair consideration.

In refusing to deduct Petitioner's legal fees from his available resources, the CAO made no findings regarding whether there was fair consideration for the fees; instead, the CAO merely expressed the belief that the attorney's fees claimed here were "exorbitant" when compared to a typical MA applicant's attorney's fees. Because such arbitrary decision-making is insufficient to support a legal determination regarding whether there was fair consideration, we must remand the matter to the CAO for further proceedings: (1) to determine whether $23,850 is fair consideration for the services provided; (2) if not, to determine fair consideration for the services provides; and (3) recalculating Petitioner's MA benefits based on the unavailability of the amount determined to be fair consideration.[9]

Accordingly, we reverse the Department's order affirming the CAO's calculation of Petitioner's ineligibility period, and we remand to the Department to remand to the CAO for further proceedings in accordance with the foregoing opinion.

### ORDER

AND NOW, this 17th day of October, 2007, the order of the Department of Welfare, dated April 6, 2006, is hereby reversed, and the case is remanded for further proceedings: (1) to determine whether $23,850 is fair consideration for the

by Petitioner that he was legally obligated to pay. In other words, that money was earmarked for the payment of the principal and interest of the Note and would not be *available* to pay for Petitioner's nursing facility care.

9. We note that, had the CAO properly calculated Petitioner's MA eligibility with respect

services provided; (2) if not, to determine fair consideration for the services provides; and (3) recalculating Petitioner's MA benefits based on the unavailability of the amount determined to be fair consideration.

Jurisdiction relinquished.

to the Note in 2001, Petitioner would not have had to spend the "exorbitant" amount of $23,850 in legal fees to obtain legal assistance in that regard. Moreover, had the CAO properly calculated Petitioner's MA eligibility in 2001, this money would have been "available" to help pay the costs of Petitioner's nursing facility care.